O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE "MAX" DAVIS, an individual; BLINDSIDE ENTERTAINMENT LLC; KIMAN/GROWTH MUSIC PUBLISHING; HEATHER AZURE KIRKBRIDE, an individual; and GLOBAL DATA REVENUE, INC., <br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AT&T WIRELESS SERVICES INC.; CELLCO PARTNERSHIP, a New Jersey Corporation doing business as Verizon Wireless; SPRINT SPECTRUM LP, a Delaware limited partnership; T-MOBILE, USA, a Washington corporation; TRACFONE WIRELESS INC., a Delaware corporation,<br><br>　　　　　Defendants. | Case No. CV 11-02674 DDP (RZx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Docket No. 54] |

　　Presently before the court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion"). Having reviewed the parties' moving papers and heard oral argument, the court GRANTS the Motion, and adopts the following Order.

## I. BACKGROUND

In 2010, Luvdarts LLC and Davis-Reuss, Inc., dba DigiPie ("Luvdarts Plaintiffs") filed suit against four of the five wireless carries named in the present action, alleging copyright infringement and unfair competition claims. See Luvdarts LLC v. AT&T Wireless Servs. Inc., No. CV 10-5442 (filed July 23, 2010). Plaintiff Bruce Max Davis ("Davis") is the President, Chief Operating Officer, and Founder of one of the Luvdarts Plaintiffs, and Managing Member of the other. He is also the Founder and controlling principal of current Plaintiff Global Data Revenue, Inc. ("GDR"). In the prior action, the Luvdarts Plaintiffs argued that the defendant wireless carriers failed to prevent their subscribers from infringing Plaintiffs' copyrighted content by sending the content via the carriers' multimedia messaging services ("MMS"). This court dismissed the case with prejudice on March 17, 2011, concluding that the wireless carriers were not liable as a matter of law.

On March 30, 2011, Davis filed the present action, bringing various antitrust and related claims against Defendants. On September 8, 2011, the court granted, with leave to amend, Defendants' unopposed Motion to Dismiss Plaintiff's Complaint. Davis filed a First Amended Complaint ("FAC") and purported class action on September 27, 2011, adding three new Plaintiffs - Blindside Entertainment LLC, Kiman/Growth Music Publishing, Heater Azure Kirkbride, and GDR (collectively "Plaintiffs"). The FAC again alleges antitrust violations of the Sherman Act and California's Cartwright Act, as well as state law claims for unfair competition and unjust enrichment. Specifically, Plaintiffs assert

that Defendants unlawfully conspired to: (1) not employ "standard methods of protection for . . . copyrighted works," which wireless subscribers can therefore send to one another without authorization from copyright holders; and (2) not pay the "content producers/owners" any of the revenue Defendants earn from their subscribers sending such content via MMS.  (FAC ¶¶ 46-50, 72-78, 89.)  Defendants filed this Motion to Dismiss the FAC on November 7, 2011.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires courts to dismiss claims for which no relief can be granted.  When considering a 12(b)(6) motion, "all allegations of material fact are accepted as true and should be construed in the light most favorable to the plaintiff."  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  In Ashcroft v. Iqbal, the Supreme Court explained that a court should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  129 S. Ct. 1937, 1950 (2009).  Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  (internal quotation marks omitted)).

///
///

## III. DISCUSSION

Among other things, Defendants argue that Plaintiffs fail to state any plausible claim for relief, because they do not allege the required "antitrust injury." As an initial matter, the court notes that Plaintiffs failed to respond to this argument in their Opposition to the Motion. Nonetheless, the court has considered the merits of the issue, and agrees with Defendants.

To have standing to bring an antitrust action, a plaintiff must show an "injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." Big Bear Lodging Ass'n v. Snow Summit, Inc., 182 F.3d 1096, 1102 (9th Cir. 1999) (internal quotation marks omitted). In addition, the plaintiff must be a "participant in the same market as the alleged malefactors." Glen Holly Entm't, Inc. v. Tektronix, Inc., 352 F.3d 367, 372 (9th Cir. 2003) (internal quotation marks omitted).

Plaintiffs are producers and owners of multimedia content. (See FAC ¶ 12 ("Davis is a developer and investor in . . . multimedia content . . . ."); ¶ 13 ("Blindside produces and owns short films including . . . music videos . . . ."); ¶ 14 ("Kiman publishes, distributes and owns music recordings."); ¶ 15 ("Kirkbride . . . creates digital photos and designs . . . ."); ¶ 16 ("[GDR] was created . . . for the express purpose of working with Defendants to protect . . . multimedia content producers/owners." (emphasis omitted)).) Defendants, to the contrary, are wireless service carriers, who - among other things - enable subscribers to send messages that can include multimedia content. (See FAC ¶¶ 1-2.) Plaintiffs and Defendants are

4

therefore not participants in the same market, and Plaintiffs fail to allege the required antitrust injury.

In addition, as Defendants explain, and Plaintiffs do not dispute, Plaintiffs' state law claims are entirely dependent on Plaintiffs' antitrust claims. Accordingly, because Plaintiffs' fail to allege plausible antitrust claims, their state law claims fail as well.

**IV. CONCLUSION**

For all these reasons, the court GRANTS Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint with prejudice, because the Complaint is not susceptible to being cured.

IT IS SO ORDERED.

Dated: March 1, 2012

DEAN D. PREGERSON
United States District Judge