O

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE "MAX" DAVIS, an individual; BLINDSIDE ENTERTAINMENT LLC; KIMAN/GROWTH MUSIC PUBLISHING; HEATHER AZURE KIRKBRIDE, an individual; and GLOBAL DATA REVENUE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AT&T WIRELESS SERVICES INC.; CELLCO PARTNERSHIP, a New Jersey Corporation doing business as Verizon Wireless; SPRINT SPECTRUM LP, a Delaware limited partnership; T-MOBILE, USA, a Washington corporation; TRACFONE WIRELESS INC., a Delaware corporation, <br><br> Defendants. | Case No. CV 11-02674 DDP (RZx) <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** <br><br> [Docket No. 71] |

Presently before the court is Plaintiffs' Motion for Reconsideration ("Motion"). Having reviewed the parties' moving papers, the court denies the Motion and adopts the following Order.

In their Motion, Plaintiffs ask the court to reconsider its

March 1, 2012 Order Granting Defendants' Motion to Dismiss.  The court declines to do so.  The court granted Defendants' Motion to Dismiss with prejudice, because Plaintiffs' own allegations in its First Amended Complaint made clear that Plaintiffs and Defendants were not participants in the same market with regard to the alleged antitrust injury.  As the court noted in its Order, "Plaintiffs failed to respond to this argument in their Opposition to the Motion."  (Order at 4.)  As the court also noted, Plaintiff did not dispute Defendants' argument that Plaintiffs' state law claims were entirely dependent on their antitrust claims.  (Id. at 5.)

In their Motion for Reconsideration, Plaintiffs now seek to present arguments that they could have made in response to Defendants' Motion to Dismiss.  Specifically, Plaintiffs argue that they did adequately plead that Plaintiffs and Defendants were participants in the same market, and that their state law claims can survive even if their federal antitrust claims fail.  As the Ninth Circuit has held, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).

Plaintiff had a full opportunity to raise these arguments earlier, but failed to do so.  The court will not consider them now.  The same holds true for Plaintiffs' request to amend.  Again, the court found that dismissal with prejudice was appropriate because Plaintiffs' own allegations as to the alleged antitrust injury and relevant market made clear that their Amended Complaint was not susceptible to being cured.  The court made this ruling

2

1 based on Defendants' express request for dismissal with prejudice
2 on these grounds, which Plaintiff failed to address. The court
3 therefore declines to reopen this case to grant Plaintiffs' leave
4 to amend.[1]

5     For all of these reasons, there court hereby DENIES
6 Plaintiffs' Motion for Reconsideration.

8 IT IS SO ORDERED.

11 Dated: April 30, 2012
                              DEAN D. PREGERSON
12                               United States District Judge

---

[1] As Defendants also note: "Enforcement of the procedural bar to reconsideration is especially appropriate in the present circumstances because not only have Plaintiffs already amended their complaint once in this case, but Plaintiffs seek to pursue claims that are based on the same factual basis as the previously dismissed copyright infringement lawsuit filed by entities related to the lead plaintiff here – a matter currently on appeal." See Luvdarts LLC v. AT&T Wireless Servs. Inc., No. CV 10-5442 (filed July 23, 2010).